IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

v.

PAUL KEMPER, LAVAIL JAMISON,
DANA BROWN, and KIM EINWALTER,

                Defendants.

OPINION and ORDER

17-cv-582-jdp

---

      Pro se plaintiff Matthew Stechauner, an inmate at Oshkosh Correctional Institution (OCI), brings this suit against officials at his previous prison, Racine Correctional Institution (RCI). He alleges that defendants Lavail Jamison, Dana Brown, and Kim Einwalter ignored his requests for medical treatment, and that when he complained about the quality of medical treatment at RCI, defendant Paul Kemper transferred him to OCI in retaliation. He brings claims under 42 U.S.C. § 1983 for violation of his rights under the First and Eighth Amendments.

      Several motions are before me. Stechauner has filed motions for summary judgment against all defendants, Dkt. 39, and for default judgment against Einwalter, Dkt. 56. I will deny the motion for summary judgment because all of Stechauner's claims involve disputed issues that will need to be resolved at trial. And because I cannot assess damages against Einwalter until after Stechauner's other claims are resolved, I will defer ruling on that motion. After the trial of Stechauner's claims against Jamison, Brown, and Kemper, I will schedule a hearing on Stechauner's motion for default judgment against Einwalter.

Defendants have also filed a motion for partial summary judgment, Dkt. 61, but after receiving Stechauner's response, defendants concede that there is a genuine dispute of material fact and ask to withdraw the motion. Dkt. 75. So I will grant that motion.

Finally, Stechauner has filed a renewed motion for assistance in recruiting counsel. Dkt. 76. I will deny the motion because I am not persuaded that Stechauner will be unable to try the case himself.

ANALYSIS

A. Stechauner's motion for summary judgment

Stechauner moves for summary judgment against all defendants. For his claim against defendant Kim Einwalter, I will deny the motion as moot. The clerk has already entered default against Einwalter, so Stechauner no longer needs to establish Einwalter's liability. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

As for Stechauner's claims against defendants Lavail Jamison, Dana Brown, and Paul Kemper, I will deny the motion because all three claims involve genuine disputes of material fact. Summary judgment is appropriate only when there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A "material fact" is one that affects the outcome of the case. *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1054 (7th Cir. 2018). When ruling on a motion for summary judgment, I must view all facts and draw all inferences in the light most favorable to the nonmoving party (in this case, the defendants). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If no reasonable juror could find for defendants based on the evidence in the record, then summary judgment is appropriate. *Martinsville Corral, Inc. v. Soc'y Ins.*, 910 F.3d 996 (7th Cir. 2018) (citations omitted). But if there is *any* evidence

that would allow a reasonable jury to return a verdict for defendants, then summary judgment is not appropriate. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). (citations omitted).

1. **Eighth Amendment claims**

Stechauner contends that defendants Lavail Jamison and Dana Brown were deliberately indifferent to his serious medical needs. To succeed on these claims, Stechauner must prove three elements: (1) he had a serious medical need; (2) defendants were aware of his medical need; and (3) defendants disregarded the risk to Stechauner's health and failed to provide treatment. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

The parties genuinely dispute whether defendants were aware of the seriousness of Stechauner's medical needs and whether they disregarded them.

Stechauner says that on October 8, 2015, he told Jamison that he was suffering from chest pain, but Jamison did not get medical assistance. Jamison says that she called the health services unit after talking to Stechauner, and that a nurse told her that Stechauner would be placed on a list to be seen later that day. Dkt. 64, ¶ 7–8. She says that she did not question the nurse's decision not to see Stechauner immediately, because she saw Stechauner playing basketball and running up and down stairs, even after he complained of pain. *Id.* ¶¶ 6, 9. Stechauner disputes whether he played basketball that day or ran on the stairs, and he says that a different officer called the health services unit, not Jamison.

Likewise, Stechauner says that on October 28, 2015, he told Brown that he was very dizzy, had difficulty breathing, and had chest pain, a fast heartbeat, and other aching pain, but Brown did not seek medical attention. Dkt. 42, ¶ 5. Later, Stechauner became unresponsive and needed to be sent to a hospital. Brown agrees that she talked with

3

Stechauner and that Stechauner was sent to the hospital. But she says that he complained only about feeling dizzy, and that she did not contact the health services unit because Stechauner told her that a different officer had already done so. Dkt. 65, ¶ 6–7. Brown says that had she known about Stechauner's other symptoms, she would have contacted medical personnel, but based on Stechauner's representations she did not believe it was necessary.

I cannot resolve these disputes at summary judgment. If a jury were to believe defendants' testimony, then it could reasonably conclude that defendants adequately responded to what they believed were only minor medical issues. It is also possible that the jury could believe Stechauner's version of events, but that is an issue of credibility, and credibility issues cannot be decided at summary judgment. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). It will need to be resolved at trial.

2. **First Amendment retaliation claim**

Stechauner contends that defendant Paul Kemper, the warden at RCI, transferred him to OCI in retaliation for grievances that Stechauner filed about his medical treatment. To prevail on this claim, Stechauner must prove three elements: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" the defendant's decisions to take those actions. *McGreal v. Village of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017).

Defendants do not dispute the first two elements. And they do not dispute that Kemper recommended Stechauner's transfer because of Stechauner's grievances. But Kemper says that he did not intend to retaliate against Stechauner; he says that he initiated the transfer because he knew that Stechauner was unhappy with the medical staff at RCI and he

believed that "a change would be best for him and would offer him an opportunity for him to work with different medical providers." Dkt. 68, at 4. Both prisons are medium-security facilities.

Kemper's motivation for transferring Stechauner "is what counts here." *See Heffernan v. City of Paterson, N.J.*, 136 S. Ct. 1412, 1418 (2016). A government official violates the First Amendment when he acts "out of a desire to prevent the [plaintiff] from engaging in political activity that the First Amendment protects." *Id.* Viewing all evidence in the light most favorable to defendants, a reasonable jury could conclude that Kemper was motivated not by a desire to deter Stechauner from filing grievances, but by a desire to resolve Stechauner's concerns as expressed in the grievances. Stechauner did not like the medical treatment he received at RCI, so Kemper sent Stechauner to a prison with different medical staff. In a sense, Kemper gave Stechauner what he asked for.

To be clear, Stechauner may very well prevail on this claim at trial if he can show that Kemper was motivated, even in part, by a desire to deter him from filing grievances. But that is an issue that will need to be decided by the jury.

**B. Motion for default judgment against Einwalter**

The United States Marshals executed service on defendant Kim Einwalter on September 7, 2018. Dkt. 50. Einwalter did not file a response, and on October 19, 2018, the clerk entered default against her under Federal Rule of Civil Procedure 55(a). Dkt. 58. Stechauner filed a motion for default judgment, Dkt. 56, but I deferred consideration of the motion until after I ruled on summary judgment. Dkt. 59. Because summary judgment did not resolve Stechauner's claim against Dana Brown, and because that claim overlaps with his

claim against Einwalter, I will again defer consideration of the motion until after trial of Stechauner's claims against the other defendants.

I cannot simply grant Stechauner's motion for default judgment. "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *Illinois Trading Co.*, 811 F.3d at 255 (internal quotations omitted). In other words, Stechauner must still provide evidence of compensatory damages that can be traced to Einwalter's actions, as well as any grounds that he has for obtaining an award of punitive damages against her. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). And here, any damages from Stechauner's claim against Einwalter would necessarily overlap with his claim against Brown. Both claims relate to the same incident on October 28, 2015: Stechauner says that Einwalter ignored his request for treatment at 7 p.m., that Brown ignored his second request for treatment at 10:40 p.m., and that he suffered injuries because both defendants ignored his medical needs.

I will hold a hearing on Stechauner's motion for default judgment after the trial, when Stechauner's claim against Brown will be resolved. At the hearing, Stechauner will be expected to present evidence of damages against Einwalter.

## C. Motion for assistance in recruiting counsel

Stechauner has filed a renewed motion for assistance in recruiting counsel. Dkt. 76. I will deny the motion.

Under 28 U.S.C. § 1915(e)(1), I can assist in recruiting counsel for pro se plaintiffs. *See Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). But almost all of this court's pro se litigants would benefit from the assistance of counsel, and there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each

case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

To prove that assistance in recruiting counsel is necessary, this court generally requires that pro se plaintiffs: (1) provide the names and addresses of at least three lawyers who decline to represent them in the case; and (2) demonstrate that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds their demonstrated ability to prosecute it. *Pruitt.* 503 F.3d at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Stechauner satisfies the first requirement because he has submitted letters from several lawyers who declined to represent him. Dkt. 59-1. But Stechauner fails the second requirement because he has not shown that this case will be too complex for him to handle.

He says that he cannot litigate the case because he has a limited education, he has thus far relied on a jailhouse lawyer, and the case involves complex medical issues. But a lack of legal knowledge is unfortunately common among pro se prisoner litigants. It is not in itself a reason to recruit counsel. And although his case involves medical issues, it likely will not hinge on medical issues. The only claim that involves a treatment decision from a medical professional is Stechauner's claim against Einwalter. Because she defaulted, Stechauner does not need to prove that she was deliberately indifferent.

For Stechauner's Eighth Amendment claims against Jamison and Brown, the dispute is whether defendants adequately responded to Stechauner's requests for medical assistance by contacting medical staff. Stechauner does not need to make complicated legal arguments or

7

provide a medical expert to show that defendants ignored him. He simply needs to tell his side of the story. He can do this by testifying about what happened and calling witnesses who also talked with defendants or observed what happened. The same goes for his First Amendment claim against Kemper. Stechauner can present his grievances as proof that he engaged in protected activity, and he can present documents regarding his transfer and provide testimony about his conversation with Kemper to prove that Kemper retaliated against him for it.

So I will deny Stechauner's motion for assistance in recruiting counsel. Soon, I will send Stechauner a trial preparation order that will explain how to prepare for trial, and what steps he should take next.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew Stechauner's motion for summary judgment, Dkt. 39, is DENIED.

2. Defendants' motion for partial summary judgment, Dkt. 61, is DENIED.

3. Stechauner's motion for assistance in recruiting counsel, Dkt. 76, is DENIED.

4. The clerk of court is directed to mail a copy of this order to defendant Kim Einwalter.

Entered April 30, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge