IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW C. STECHAUNER,

　　　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　OPINION and ORDER

PAUL KEMPER, LAVAIL JAMISON,　　　　　　　17-cv-582-jdp
DANA BROWN, and KIM EINWALTER,

　　　　　　　　Defendants.

Pro se plaintiff Matthew Stechauner, an inmate at Oshkosh Correctional Institution (OCI), is suing officials at his previous prison, Racine Correctional Institution (RCI). Trial is set for June 24, 2019.

At trial, Stechauner plans to call Joshua Karasti and Dominic Ecklund as witnesses. Dkt. 90. But both witnesses have recently been released on extended supervision, and Stechauner says that he has lost contact with them. He moves for appointment of counsel to help him find the witnesses, Dkt. 104, and for an order allowing him to use his release account to serve subpoenas on the witnesses and pay the witness fees. Dkt. 105. The court will deny both motions.

I cannot order prison officials to let Stechauner use his release account funds to pay for the subpoenas or witness fees. The Prison Litigation Reform Act requires prison officials to use a prisoner's release account to satisfy an initial partial payment of the filing fee if no other funds are available. *See* 28 U.S.C. § 1915(b)(1); *Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). But with the exception of such initial partial payments, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be

able to withdraw money from a release account. Nor does this court have the authority to waive the required witness fees. If Stechauner wishes to issue subpoenas, he will need to arrange another source of funding.

This is Stechauner's fifth motion for appointment of counsel. As I have previously explained to Stechauner, I cannot appoint counsel in a civil case. Rather, if I determine that a case exceeds the plaintiff's ability to litigate it, then I can assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653–54, 656 (7th Cir. 2007) (en banc). I am still not convinced that this this case is too difficult for Stechauner to litigate on his own. Stechauner should be able to obtain the current addresses of his witnesses from defendants. (And the court would expect defendants to be cooperative in this regard.) If the witnesses are no longer willing to testify, that is not a problem with the complexity of the case or Stechauner's ability to litigate it. In any event, both witnesses filed declarations that said they were simply planning to corroborate Stechauner's own testimony. Dkt. 43 and Dkt. 44. Neither witness is presenting evidence that Stechauner will otherwise be unable to present at trial.

One final note: Stechauner says that he is not sure whether one of his witnesses, Dominic Ecklund, has died. Stechauner asks whether he can use Ecklund's declaration at trial if he verifies that Ecklund is dead. But it appears the Ecklund is alive; the Wisconsin "Offender Locator" website indicates that he is currently on extended supervision. *See* https://appsdoc.wi.gov/lop/. Unless Stechauner can provide evidence verifying that Ecklund is in fact dead, he will not be able to submit Ecklund's declaration as evidence at trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew Stechauner's motion for assistance in recruiting counsel, Dkt. 104, is DENIED.

2. Stechauner's motion for issuance of subpoenas, Dkt. 105, is DENIED.

Entered May 29, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge