IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

Plaintiff,

v.

PAUL KEMPER, LAVAIL JAMISON,
DANA BROWN, and KIM EINWALTER,

Defendants.

DEFAULT HEARING
PREPARATION ORDER

17-cv-582-jdp

---

Pro se plaintiff Matthew Stechauner, an inmate at Oshkosh Correctional Institution (OCI), filed this suit against officials at his previous prison, Racine Correctional Institution (RCI). On June 24, 2019, the court held a trial on Stechauner's claims against three of the defendants, Paul Kemper, Lavail Jamison, and Dana Brown, after which the jury returned a verdict for the defendants. Dkt. 117. The fourth defendant, Kim Einwalter, did not file an answer or defend against Stechauner's claims. On October 19, 2018, the clerk's office entered default against her. Dkt. 58.

**The court will hold a default hearing on July 18, at 8:30 a.m.** Stechauner will appear by telephone. If Einwalter wishes to challenge the entry of default judgment against her, then she should appear at the courthouse in person on the date and time of the hearing or show cause why she is unable to do so.

Stechauner does not need to prove that Einwalter violated his rights, because that has been established by Einwalter's default. But he will need to prove that he is entitled to damages because of her conduct. Stechauner is entitled to reasonable compensation only for the losses that he suffered as a result of Einwalter's acts. And because Stechauner is a prisoner, he may recover damages for emotional harm only if he proves that he suffered a physical injury because

of the Einwalter's conduct. 42 U.S.C. § 1997e(e). If Stechauner cannot prove any compensable harm, he will receive nominal damages of $1.

To recover punitive damages against Einwalter, Stechauner will have to show that she acted with "evil motive or intent" or with "reckless or callous indifference" to his constitutional rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

There will be no jury for the hearing, but the presentation of evidence will otherwise work the same as it did at trial. Stechauner may present his own testimony about the harm he suffered, and he may testify in a narrative form (without asking himself questions). His testimony should be based on his own observations and experience. Stechauner may also present evidence, such as medical records, that corroborate his testimony or show the extent of the injuries he suffered. I will accept as evidence all the exhibits presented at the trial, so Stechauner need not resubmit any of those.

ORDER

IT IS ORDERED that:

1. The court will hold a default hearing on July 18, 2019, at 8:30 a.m. The clerk of court is directed to set up the call.

2. The clerk of court is directed to mail a copy of this order to defendant Kim Einwalter.

Entered July 3, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge