IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

                Plaintiff,

  v.                                                            ORDER

PAUL KEMPER, LAVAIL JAMISON,                         17-cv-582-jdp
DANA BROWN, and KIM EINWALTER,

                Defendants.

---

Pro se plaintiff Matthew Stechauner, an inmate at Oshkosh Correctional Institution (OCI), filed this suit against officials at his previous prison, Racine Correctional Institution (RCI). One of the defendants, Kim Einwalter, failed to respond to the complaint, although a summons and complaint were properly served. Dkt. 49. The clerk's office entered default against her. Dkt. 58. The other three defendants, Paul Kemper, Lavail Jamison, and Dana Brown, responded to Stechauner's complaint and went to trial, after which the jury returned a verdict in favor of those defendants. Dkt. 117.

Stechauner moves for default judgment against Einwalter and to hold her in contempt of court. Dkt. 56. I will grant the motion in part, and I will grant default judgment against Einwalter. But I won't hold Einwalter in contempt. To be held in contempt, a a party "must have violated an order that sets forth in specific detail an unequivocal command from the court." *United States v. Dowell*, 257 F.3d 694, 698 (7th Cir. 2001). I did not issue any orders commanding Einwalter to take action in this case. An entry of default does not place a party in contempt of court.

Stechauner also moves for leave to proceed *in forma pauperis* on appeal, Dkt. 119, and for the preparation of trial transcripts at the government's expense. Dkt. 121. I will grant both motions.

**A. Motion for default judgment**

I held a default hearing on July 18, 2019. Stechauner appeared by telephone. Einwalter did not appear. I found that the court has subject matter jurisdiction under 28 U.S.C. § 1331 because the case arises under the Eighth Amendment to the Constitution; Einwalter was properly served; and Einwalter did not answer or otherwise respond to the complaint. Accordingly, I conclude that Stechauner is entitled to default judgment against Einwalter.

Stechauner testified that on October 28, 2015, around 7:00 p.m., he told a correctional officer that he was suffering from chest pain, dizziness, and trouble breathing. He says that the officer called Einwalter (who was a nurse at the prison) and told her about Stechauner's symptoms, but that Einwalter did not examine or treat Stechauner. Stechauner continued to experience chest pain and eventually collapsed in his cell. At 1:28 a.m., he was sent to the hospital, where he was diagnosed with acute bronchitis. Stechauner says that he continues to suffer from bronchitis to this day. His testimony is corroborated by an incident report, Dkt. 91-5, hospital discharge records, Dkt. 91-6, and his earlier testimony at trial against the other defendants.

Einwalter's default establishes that her actions violated Stechauner's rights. But I still must determine the amount of damages that Stechauner is entitled to because of her actions.

**1. Compensatory damages**

I will award Stechauner $2,500 in compensatory damages for the physical pain and anxiety he experienced while waiting to receive treatment. I conclude that Einwalter's actions

caused a six-hour delay in treatment. During that time, he suffered a physical injury in the form of untreated symptoms of his bronchitis.

Stechauner says that because he continues to suffer from chronic bronchitis, I should also award compensatory damages for ongoing and future health problems. But Einwalter's actions on October 28 did not cause Stechauner's bronchitis. On the contrary, Stechauner was already suffering from bronchitis symptoms when Einwalter ignored him. Stechauner testified at the hearing that he believes his bronchitis was caused by continued mistreatment by members of the prison's medical staff. But I am granting default judgment only against Einwalter, and only for the delay in treatment that she caused on October 28. Stechauner is not entitled to compensation for harm caused by other individuals or harm caused by Einwalter on different dates.

2. **Punitive damages**

I will award Stechauner $2,500 in punitive damages against Einwalter. A plaintiff may recover punitive damages if the defendant acted with "reckless or callous indifference" to his constitutional rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Einwalter's default establishes that she acted with deliberate indifference. This means that she was both aware of Stechauner's serious chest pain and knew that it was serious enough to require immediate treatment. Serious chest pain can be a symptom of a potentially life-threatening condition, so Einwalter's decision to ignore Stechauner's complaint demonstrates a reckless disregard for Stechauner's Eighth Amendment right to receive treatment for serious medical needs. And given Stechauner's history of pulmonary problems, I find that some punishment and deterrence is warranted here.

### B. Motions regarding Stechauner's appeal

On June 24, 2019, a jury returned a verdict in favor of defendants Paul Kemper, Dana Brown, and Lavail Jamison. Dkt. 117. Stechauner filed a notice of appeal, Dkt. 118, and he requests leave to proceed *in forma pauperis* on appeal. Dkt. 119.

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1),(3) and (g); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). I conclude that Stechauner has established his indigence. Stechauner does not have three strikes against him and I do not intend to certify that his appeal is not taken in good faith. I conclude that Stechauner is eligible to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(b)(1)-(2), indigent inmates are required to pay the full amount of the $505 docketing fee for a notice of appeal in increments, starting with an initial partial payment. Using information for the relevant time period from Stechauner's inmate trust fund account statement, it appears that Stechauner is able to make an initial partial payment of $1.02, which will be due no later than August 13, 2019. Thereafter, Stechauner shall pay the remainder of the $505 appellate docketing fee for each case in monthly installments in accordance with 28 U.S.C. § 1915(b)(2).

If the balance in Stechauner's regular account is not sufficient to make the initial partial appeal payment, arrangements will have to be made by Stechauner with prison authorities to pay some or all of the fee from plaintiff's release account. The only amount Stechauner must pay at this time is the $1.02 initial partial payment.

Stechauner has also filed a transcript statement, which I construe as a motion requesting preparation of the trial transcripts at government expense. Dkt. 121. Because I have determined that Stechauner is eligible to proceed *in forma pauperis* on appeal, his appeal is taken in good faith, and his appeal is not frivolous, I will grant Stechauner's motion. The court reporter is directed to prepare transcripts of the June 14, 2019 final pretrial conference and the June 24, 2019 trial and to furnish copies to Stechauner with Stechauner's fees to be paid by the United States, pursuant to 28 U.S.C. § 753(f).

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew Stechauner's motion for default judgment and contempt of court, Dkt. 56, is GRANTED in part. The court GRANTS default judgment against defendant Kim Einwalter. The court DENIES Stechauner's motion to hold Einwalter in contempt.

2. Stechauner is awarded compensatory damages of $2,500 and punitive damages of $2,500 against Einwalter.

3. Plaintiff Matthew Stechauner's request for leave to proceed *in forma* pauperis on appeal, Dkt. 117, is GRANTED. The court certifies that Stechauner's notice of appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

4. Stechauner may have until August 13, 2019, to submit a check or money order made payable to the clerk of court in the amount of $1.02. If by August 13, 2019, Stechauner fails to pay the initial partial appeal payment, or show cause for failure to do so, then I will advise the court of appeals of Stechauner's noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

5. The clerk of court is requested to ensure that the court's financial records reflect Stechauner's obligation to pay the $1.02 initial partial payment and the $505.00 appeal fee for this case.

6. Stechauner's motion requesting preparation of the trial transcripts at government expense, Dkt. 121, is GRANTED. The court reporter is directed to prepare transcripts of the June 14, 2019 final pretrial conference and the June 24, 2019 trial and to furnish copies to Stechauner, with fees to be paid by the United States, pursuant to 28 U.S.C. § 753(f).

7. The clerk shall enter final judgment and close the case.

Entered July 23, 2019.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge