IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

        Plaintiff,

v.

PAUL KEMPER, LAVAIL JAMISON,
DANA BROWN, and KIM EINWALTER,        ORDER

        Defendants,        17-cv-582-jdp

and

STATE OF WISCONSIN,

        Garnishee.[1]

---

Pro se plaintiff Matthew C. Stechauner was awarded a default judgment of $5,000 by this court against defendant Kim Einwalter. Dkt. 126. He requested a writ of execution against Einwalter, which I denied because he didn't identify any particular property of Einwalter's to be seized to satisfy his judgment. Dkt. 148. Stechauner now seeks to garnish Einwalter's wages and bank account to enforce his judgment against her. Dkt. 150.

I have supplemental jurisdiction over any garnishment proceedings to enforce Stechauner's judgment. *Yang v. City of Chicago*, 137 F.3d 522, 525–26 (7th Cir. 1998). Federal Rule of Civil Procedure 69(a)(1) requires me to follow Wisconsin's garnishment procedures, which are governed by Wis. Stat. §§ 812.30–44. To begin a garnishment proceeding,

---

[1] Because Stechauner has commenced a garnishment proceeding as part of this lawsuit, I have amended the caption to include the State of Wisconsin as garnishee defendant. I have not added any bank to the caption because Stechauner doesn't identify a bank where he believes Einwalter has an account.

Stechauner must file a garnishment notice with the clerk of court. Wis. Stat. § 812.35(1). The notice should substantially comply with the form in Wis. Stat. § 812.44(2) and must include a description of the underlying judgment as well as the judgment amount and the names of the debtor (Einwalter), the garnishee (in other words, the entity to be garnished), the creditor (Stechauner), and the creditor's attorney (if any).

Stechauner's motion and accompanying declaration, Dkt. 151, include the required information regarding Einwalter's employer but not her bank account. He refers to the $5,000 default judgment he was awarded against Einwalter. He says that Einwalter's last known employer was Racine Correctional Institution, but he doesn't name the bank where he believes she has an account. Regarding Einwalter's employer, the Wisconsin Department of Justice refused to accept service on behalf of Einwalter because she was not employed by Racine Correctional Institution at the time of the events described in Stechauner's complaint. Dkt. 17. The Department of Justice said that her employer at that time was Staff One, LTD, 7201 W. Greenfield Ave., West Allis, WI 53214. Nevertheless, I will treat Stechauner's motion as a garnishment notice under Wis. Stat. § 812.35(1) naming Einwalter as debtor and the State of Wisconsin as garnishee. But I cannot treat Stechauner's motion as a garnishment notice regarding a bank account because he doesn't identify a specific bank. If Stechauner wishes to garnish an account of Einwalter's at a specific bank or her wages from a different employer, he must file a new garnishment notice that names that entity.

The next step in a garnishment proceeding is for the clerk of court to issue two earnings garnishment forms to Stechauner. Wis. Stat. § 812.35(2). One of these forms must be served on Einwalter (the debtor) and the other must be served on the state (the garnishee). Stechauner must also include a garnishee fee of $15 with the garnishment form he serves on the state.

Wis. Stat. § 812.35(4)(a). Stechauner may serve Einwalter and the state by first class mail, certified mail with return receipt requested, or any other permissible means for service of a summons in a civil action, except publication. Stechauner must also serve Einwalter with an exemption notice under Wis. Stat. § 812.44(4), a debtor's answer form under Wis. Stat. § 812.44(5), the schedules and worksheets adopted under Wis. Stat. § 812.34(3), and a poverty guidelines chart. I will include these forms with this order.

In addition to his garnishment notice, Stechauner also asks for a copy of Dkt. 49, which contains the address at which Einwalter was served in this lawsuit, to help him engage in discovery in his enforcement efforts. I will provide Stechauner with a copy of that document. Stechauner also requests a hearing to allow him to explain his motion and to help him understand the court's instructions. But because I have no trouble understanding Stechauner's motion and because I have explained the statutory garnishment process in this order, I will deny his request for a hearing.

ORDER

IT IS ORDERED that:

1. In response to plaintiff Matthew C. Stechauner's garnishment notice, the clerk of court is directed to issue two earnings garnishment forms, an exemption notice, a debtor's answer form, the schedules and worksheets adopted under Wis. Stat. § 812.34(3), and a poverty guidelines chart.

2. The clerk of court is directed to provide plaintiff with a copy of Dkt. 49.

3. Plaintiff's request for a hearing on this motion is DENIED.

Entered November 20, 2019.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge